## Z. K. Wood & Co. v. Edward Roach.

1. SALES—*When the Title Passes—Delivery.*—To constitute a sale of a part of a lot of corn in the crib, so as to pass the title to the vendee of the portion sold, there must be a separation and identification of the part from the common mass.

2. SALES—*Delivery a Question for the Jury.*—The question as to whether there has been a delivery of goods sold, is one of fact for the jury.

**Memorandum.**—Assumpsit for goods sold. Appeal from the Circuit Court of Logan County; the Hon. ROBERT HUMPHREY, County Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

### APPELLANT'S BRIEF.

When the question of title arises between the vendor and vendee, or purchaser of the vendor with notice, it is not necessary to go through the form of actually measuring and separating the part purchased from the whole. If it be the intention of the parties, the title will be transferred without any act to distinguish it from the mass, where it is of uniform quality and value.

1 Benjamin on Sales, Sec. 477, Corbin's edition, after commenting upon some cases that follow the English doctrine, states the rule in this country as follows:

"Notwithstanding the decisions above stated, the weight of recent American authority supports the proposition that, where property is sold, to be taken out of a specific mass of uniform quality, title will pass at once upon the making of the contract, if such appears to be the intent. This intent will be inferred from the fact of payment of the price, or from delivery of the whole to the buyer with power to make separation. Where the property is in possession of a third person, the intent will be manifested by giving an order to such third person to deliver a specified part, or by assigning a certificate of deposit, such as a receipt for part of grain in

Wood & Co. v. Roach.

mass in an elevator. If in the possession of the vendor, he may constitute himself bailee. The reason is because selection is immaterial where the quality is uniform."

The author cites many authorities in support of the text. Pleasants v. Pendleton, 6 Rand. (Va.) 473; Kimberly v. Patchin, 19 N. Y. 330; Hurff v. Hires, 40 N. J. Law, 581.

There is a well settled legal distinction between the individual rights of several parties in goods of uniform kind and quality, and those in which there is no uniformity in these respects. Iron Cliffs Co. v. Hull, 42 Mich. 86; Young v. Miles, 20 Wis. 646; Wagar v. Detroit L. & N. Co., 79 Mich. 648; 44 N. W. Rep. 1113.

In this State, it is held that the intention of the parties controls, and between vendor and vendee no actual delivery is necessary to vest the title in the vendee. May v. Tallman, 20 Ill. 443; Wade v. Moffett, 21 Ill. 110; Bell v. Farrar, 41 Ill. 400; Hart v. Wing, 44 Ill. 141; Graff v. Fitch, 58 Ill. 373; Shelton v. Franklin, 68 Ill. 333; Barker et al. v. Bushnell et al., 75 Ill. 220; Broadwell v. Howard et al., 77 Ill. 305; Foster v. Magill, 119 Ill. 75; Cloke et al. v. Shafroth et al., 137 Ill. 393.

Appellee's Brief, J. A. Horn and J. T. & F. M. Hoblit, Attorneys.

To constitute a valid sale so as to pass the title of an uncertain and unidentified part of a larger mass of personal property, such as bricks in a kiln or corn in a crib, there must be a separation and identification of the part so sold from the common mass. No title passes to the vendee until this is done. Dunlap v. Berry, 4 Scam. 327; Graff v. Fitch, 58 Ill. 373; Anderson v. Crisp, 31 Pac. Rep. 638; Am. Dig. (1893) 202; Benjamin on Sales, 422–423, 441, 442, 443 (Sixth American Edition); First National Bank of Marquette v. Crowley, 24 Mich. 492; Hahn v. Fredericks, 30 Mich. 224; Crapo v. Seybold, 35 Mich. 169; Ormsby v. Machlin, 20 Ohio State, 295; Woods v. McGee, 7 Ohio, 466; Golden v. Ogden, 15 Penna. 628; Haldemon v. Duncan, 51 Penna. 66; Stone v. Peacock, 35 Maine, 385–8; Courtright v. Leonard, 11

Iowa, 32; Rosenthal v. Risley, 11 Iowa, 541; Cook v. Logan, 7 Iowa, 142; Ropes v. Lane, 9 Allen, 502; Reeder v. Machem, 57 Md. 56; Ferguson v. Louisville Bank, 14 Bush, 555; Davis v. Hill, 3 N. H. 382; Messer v. Woodman, 22 N. H. 172; Bailey v. Smith, 43 N. H. 141.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellants are grain dealers. The appellee is a farmer. On the 29th of August, 1891, he contracted to sell to them one thousand bushels of corn to be delivered on or before December 25th following.

A small sum was then advanced on the corn and later another and larger advance was made.

The corn was not delivered within the time fixed and the time was extended by mutual consent.

Some corn was delivered in February, but the greater part in August and September, 1892.

Much more than the thousand bushels originally contracted for was delivered and when the parties came to a settlement, the appellants proposed to retain the price of seventeen hundred bushels on the ground that as to that portion of the corn so delivered to them, one W. S. Hunter was the real owner under a contract of sale between him and the appellee.

This proposition was not acceptable to the appellee, who denied that he had sold any corn to Hunter and demanded payment for all he had delivered to appellants.

Failing to obtain such payment he brought the present suit, which came to trial before the court, a jury being waived, and resulted in a judgment in his favor for $771.58.

The record is brought here by the appellants (defendants below) and the question is as to the propriety of the judgment. No questions of law were presented in the form of propositions to be held or refused by the court.

It is to be presumed the court properly understood and applied the law pertaining to the case, and as to the facts the finding of the court is entitled to the same weight as the verdict of a jury.

It appears that appellee was indebted to said Hunter, and that the indebtedness was secured to some extent by chattel mortgage; that Hunter went to the farm of appellee and desired to get his demand in more satisfactory condition. According to his version of the matter he inquired of appellee how much he owed other parties and was told that he had contracted about $125 worth of the corn to grain dealers in Latham, appellants probably; that Hunter then proposed to buy appellee's corn or so much of it as would not be required to pay the grain dealers, to which appellee assented, and then Hunter proceeded to measure the six cribs in which the corn was stored and ascertained that there was about twenty-two hundred bushels in the whole mass. Hunter says that he then suggested that he would take seventeen hundred bushels, and thus leave enough to satisfy the grain dealers. There is some conflict as to what then passed between the parties verbally, but the following writing was executed by appellee and given to Hunter.

"ILLIOPOLIS, ILLINOIS, April 11, 1892.

I have, this day, sold to W. S. Hunter, of Chicago, Illinois, seventeen hundred bushels of corn, now in cribs, on Yates farm, seven miles N. E. of Illiopolis, and agree to deliver same at elevator, either at Latham or Niantic, at such time as he may designate, except during the cropping season. The price paid is thirty cents per bushel, the receipt of which is hereby acknowledged.

EDWARD ROACH.

Witness: GEO. A. MERRIMAN."

Hunter says he understood that he received possession of the corn then and there, and that the expression in the contract as to delivering the same at the elevator meant merely that appellee was to haul it there, and, in the meantime, was to retain it for him as his bailee. Appellee denies this, and, indeed, denies that he knew he was signing the paper as it appears, and insists that he did not intend to sell the corn to Hunter, but, as is to be inferred from his evidence, that he did intend to give Hunter some right or lien thereon in respect to the admitted indebtedness.

It is agreed that, after the paper was signed and before Hunter went away, he promised to give appellee the bene-fit of any advance in the price of corn. Hunter says that as soon as he could thereafter, he indorsed on the notes he held against appellee a credit of $500 for this corn. There is in the record some evidence on each side, consisting, chiefly, but not wholly, of written correspondence, tending more or less to support the respective positions of the parties.

It is clear that, unless the title to the corn passed to Hunter, so that it would have been his loss had it been de-stroyed without the fault of the appellee, the appellants were not justified in withholding payment.

If the corn was not delivered to Hunter when the paper was signed, it never was; and unless it was the intention of the parties that the possession should then pass to the buyer, it can not be said that the contract was so complete as to invest him presently with the title. The appellee might have been constituted the bailee of Hunter, and though there was no segregation of the 1,700 bushels from the entire mass, and no agreement as to what particular por-tion should belong to Hunter, yet, if the property was uniform in kind and quality (as might be presumed), it was competent for the parties to agree that the buyer should then have possession, and that the title should then pass to him, so that the risk of ownership should then devolve upon him.

This the parties certainly might have done, so far as their own rights were concerned, no question of the rights of creditors or purchaser without notice being involved.

But whether they so intended is a question of fact.

It is not deemed necessary to state more in detail the evi-dence in the case, nor to discuss the positions respectively assumed by counsel in their arguments.

We are not prepared to say that the conclusion reached by the trial court is erroneous.

We must say there was enough evidence, on behalf of appellee, to support his contention, if unopposed by that on

behalf of the appellants.  How we might decide the matter if it were before us for our finding in the first instance, is not important.

Unless we can say that the finding is clearly and palpably against the facts, we may not interfere.

The judgment will be affirmed.